KANNER, Chief Judge.
The claimant suffered an injury which arose out of and in the course of his employment. At the time the injury occurred, he had been engaged in the work of cultivating land for a period of about four weeks, from which employment he was paid the weekly wage of $36. The deputy commissioner determined that the average weekly wage to be used as a basis for computation of compensatory benefits should be $36 per week. The Florida Industrial Commission upheld this, determination. The sole issue in dispute is whether error was committed in the computation of the average weekly wage.
The claimant’s work was seasonal. The nature of his employment was that he would perform labor in the cultivating of land for vegetable farming for a period of a few months at a weekly wage of $36, after which the work would change from cultivation to truck driving, with the employee and employer then entering upon a share-cropping arrangement. Thus the claimant’s work relationship with the employer would have fallen into two categories if the claimant had not been injured, first, as an employee engaged in cultivating land, and second, as a truck driver and share-cropper. The injury sustained prevented him from reaching the second work category.
Claimant expected to receive from $40 to $48 per week from trucking and he expected to receive from $500 to $2,000 as his yield from the share-cropping. These anticipated amounts were based upon claimed income of two previous farming seasons. The obligation that claimant would have assumed under the share-cropping operation would have required that he pay one-half the cost of the seed, the fertilizer, the insecticides, the growing, the spraying, and other help when needed. Any benefit to him would have derived from profits to be divided equally between the worker-claimant and the employer-landowner, after the crops were sold and the expenses deducted.
Section 440.14, Florida Statutes, F.S.A., prescribes the formula for determining the average weekly wage of an injured employee as the basis upon which to compute compensation. Paragraph one of the section provides that the average weekly wage of an injured employee who has worked “during substantially the whole of thirteen weeks immediately preceding the injury” would be “one-thirteenth of the total amount of the wages earned in such employment.” Paragraph two of the section provides that if an injured employee has not worked for the period designated in the first paragraph then “the wages of a similar employee in the same employment who has worked substantially the whole of such thirteen weeks shall be used in making the determination” as provided in paragraph one. Since claimant had not worked thirteen weeks in his employment prior to the injury, and since there was no similarly employed person in the same *299 employment whose wages might he substituted as the basis for making the determination, neither of the methods provided in paragraphs one and two applies. Paragraph three provides that if the methods specified under paragraphs one and two “cannot reasonably and fairly be applied the full time weekly wages of the injured employee shall be used.” This is the method adopted by the deputy commissioner.
It is the contention of the claimant that the average weekly wage should not have been confined to the specific earnings which he received at the time of his injury, but that the anticipated increased earnings claimant expected to make as a truck driver, together with further income which he expected to result from share-cropping, should have been considered by the deputy commissioner in determining the average weekly wage.
There was no similar employee engaged in the same employment as claimant. He had worked approximately one month. The injury was received while he was engaged in the work of cultivating land. He had not entered upon the truck driving operation. This type of work would have been dissimilar from that of cultivating land, requiring more work and longer hours and depending upon the number of loads hauled. Details of the share-cropping arrangement from which claimant expected to realize an income, had it been entered upon, clearly reveal that it would have been a private business venture or enterprise, speculative in nature. The obligation that the claimant would have had to assume substantiates this. Moreover, he testified that any income which might be derived from the share-cropping would not be as a salary but would accrue from profits which would come as a lump sum at the conclusion of the harvest time. This court in the case of Wilson v. City of Haines City, Fla.App.1957, 97 So.2d 208, rejected earnings derived from self-employment in computing an injured employee’s average weekly wage.
The only proper and competent basis that could be used was the full time weekly wages that the claimant received during the actual period of his employment to the time of the injury, that being the $36 weekly wage. The deputy commissioner, therefore, employed the proper formula and used the correct evidentiary yardstick 'in determining the claimant’s average weekly wage.
The petition for writ of certiorari is denied.
ALLEN and SHANNON, JJ., concur.