383 So.2d 313 (1980)
Quentin Wayne ATKINS, Appellant,
v.
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES and National Loss Control Service Corp., and State of Florida, Department of Military Affairs, Appellee.
No. QQ-196.
District Court of Appeal of Florida, First District.
May 12, 1980.
*314 Malcolm Lewis Kneale, Miami, for appellant.
Robert H. Gregory and Summers Warden, Miami, for appellees.
ERVIN, Judge.
Appellant Atkins filed a workmen's compensation claim against both the Department of Highway Safety and Motor Vehicles and the Florida Department of Military Affairs after he ruptured an intervertebral disc while lifting a water tank in the course of his duties at the Florida National Guard summer camp at Camp Blanding, Florida, in 1977, alleging he was employed by either one at the time of his injury. He was already a national guardsman when he became employed with the appellee Department of Highway Safety, etc., as a highway patrolman, and the Florida Highway Patrol, a state employer, was required to give him up to 17 days leave of absence "without loss of pay, time or efficiency rating ..." to attend compulsory maneuvers such as the two-week summer camp. Section 250.48, Florida Statutes (1977); 32 U.S.C. § 502a (2). The judge of industrial claims dismissed the claim against the Florida Highway Patrol, ruling that Atkins's injury did not arise out of or in the course of his employment as a highway patrolman. He also held that he had no jurisdiction over the claim against the Department of Military Affairs and that Florida's Compensation Act did not apply to national guardsmen injured in active duty during the compulsory two-week encampment, because Title 32 of the United States Code governs compensation claims for such injuries. Atkins appeals both rulings, and we affirm.
The two-week national guard summer camp had no connection with Atkins's employment as a Highway Patrolman. Neither membership in the Guard nor attendance at summer camp was a condition of his employment. The Highway Patrol, as a state employer, was required by state law to pay him for the two-week period.
Although it has not yet been decided in Florida, the question of whether a National Guardsman is to be compensated under a state's compensation act for injuries received while on active duty has been decided both affirmatively and negatively in other states. See 1B Larson, Workmen's Compensation Law, § 56.34, 9-264 n. 94, 9-265 n. 95. Under the particular circumstances before us, we agree Atkins was not an employee of the Department of Military Affairs of the State when he was injured. Attendance at the two-week summer camp is mandatory for national guardsmen under 32 U.S.C. § 502a(2). Compensation for injuries received during such training is provided by 32 U.S.C. §§ 318, 319. Moreover, the federal government pays national guardsmen for attendance at such maneuvers. See 37 U.S.C. § 204c.
We point out that Atkins was not in "active service" in this state as that term is defined in Section 250.27; therefore, he was not entitled to pay from the state under Section 250.23. Nor was he entitled to reimbursement from the state under Section 250.19. Thus, Atkins had no state remedy for injuries, whether under Chapter 440 or under Chapter 250.[1]Compare, Andrews v. State of Arizona, 53 Ariz. 475, 90 P.2d 995 (1939). Whether Atkins would be entitled to workmen's compensation from the state had his injury arisen out of and in the course of employment during active service for the state as defined in Section 250.27 is not an issue before us and one which is not decided in this opinion. The order of the judge of industrial claims is
AFFIRMED.
SHIVERS and SHAW, JJ., concur.
NOTES
[1] Section 250.34(1), states that members of the state militia who are "injured or disabled while in the active military service of the state under competent orders ..." are entitled to medical remedies and compensation.