412 So.2d 449 (1982)
James CRAWFORD and Florence Crawford, His Wife, Appellants,
v.
DEPARTMENT OF MILITARY AFFAIRS OF the STATE OF FLORIDA, and James R. Williams, Jr., Appellees.
No. 81-694.
District Court of Appeal of Florida, Fifth District.
April 14, 1982.
*450 James O. Cunningham of Billings, Morgan & Cunningham, Orlando, and Marcia K. Lippincott, Sanford, for appellants.
Jim Smith, Atty. Gen., and Pamela L. Lutton, Asst. Atty. Gen., Tallahassee, for appellee Dept. of Military Affairs of Florida.
Colonel Richard G. Weinberg, St. Augustine, for appellee Florida Nat. Guard.
FRANK D. UPCHURCH, Jr., Judge.
Appellants appeal from a final summary judgment entered in favor of the Department of Military Affairs, finding that the Department was not liable for injuries sustained by the appellants when they were struck by a truck operated by a member of the Florida National Guard. We REVERSE.
Appellants' complaint alleged that James R. Williams, an enlisted member of the Florida National Guard, was a state employee and that he had negligently operated a military truck which collided with their car. The accident occurred in February, 1979. Appellees denied that Williams was a state employee and alleged that he was on weekend training known as inactive duty training and was under the training and control of the United States Army.
The broad question presented is whether a Florida National Guardsman, on inactive duty training which is mandated by the federal government, was, at the time of the accident, an employee of the state of Florida for whose negligent acts the state has waived sovereign immunity under section 768.28, Florida Statutes (1979).
We note initially that on December 29, 1981, Public Law 97-124 was enacted by the federal government to amend the Federal Tort Claims Act (specifically 28 U.S.C. § 2671) to provide that the phrase "employee of the government" includes National Guard personnel engaged in federal training. This amendment was enacted in light of numerous cases such as Maryland v. United States, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965) which had held that guardsmen, engaged in weekend training, were not federal employees for purposes of the Federal Tort Claims Act but rather are viewed as employees of the states for purposes of tort liability. Via this amendment, Congress determined as a matter of policy that federal liability for damages arising out of the acts or omissions of guardsmen during federal training is appropriate. H.R. Rep. No. 97-384, 97th Cong., 1st Sess., reprinted in [1982] U.S.Code Cong. & Ad. News, 2692, 2695.
This amendment is inapplicable to the instant case, however, since it applies only to claims arising on or after December 29, 1981, and here appellants were injured in February, 1979. Therefore, we must determine whether prior to December 29, 1981, a Florida guardsman on weekend training was considered a state employee under section 768.28.
*451 The Florida National Guard is an organization of the state militia,[1] section 250.02(2), Florida Statutes (1979), and is within the Department of Military Affairs. § 250.05, Fla. Stat. (1979). Section 768.28, which provides for a waiver of sovereign immunity for the state and its agencies and subdivisions, defines these latter two terms to include "independent establishments of the state." Section 250.05 speaks of the Department of Military Affairs as an agency of the state government and the Florida Supreme Court has held that the National Guard is an arm of the state government. State v. Florida State Improvement Comm., 47 So.2d 627 (Fla. 1950). Therefore, it is clear that these two entities fall within the ambit of section 768.28. See Op.Att'y.Gen. Fla. 79-62 (1979).
The Commander in Chief of the Florida National Guard is the Governor of the State. Art. IV, § 1, Fla. Const.; § 250.06, Fla. Stat. (1979). The state headquarters are under the administration of the state Adjutant General who is appointed by the Governor subject to confirmation by the state senate. The Adjutant General is charged with the supervision, training, instruction and discipline of the Florida National Guard. In addition, actual command over guardsmen during federal training activities is maintained by the state.
The federal government, however, maintains an interest in the training of guard personnel. For instance, weekend training is mandated by 32 U.S.C. § 502(a).[2] Guardsmen are paid during this period by the federal government, 37 U.S.C. § 206 and are covered by federal disability compensation. 32 U.S.C. § 318-19. In addition, here, the military truck being driven by Williams was owned and supplied by the United States Army.
While these factors indicate an extensive federal presence in weekend training activities, courts have traditionally ruled that such guardsmen are viewed as employees of the states for tort liability purposes. Maryland v. United States. See also Storer Broadcasting Co. v. United States, 251 F.2d 268 (5th Cir.1958). In Maryland v. United States, the Supreme Court explained:
Their [National Guardsmen] appointment by state authorities and the immediate control exercised over them by the states make it apparent that military members of the Guard are employees of the states, and so the courts of appeal have uniformly held.[3]
85 S.Ct. at 1298.
In light of these cases construing the pre-1981 Federal Tort Claims Act and in view of the fact that actual control over guardsmen on weekend training is maintained by state officials, we hold that Williams was a state employee for purposes of tort liability at the time of the accident in question.
It is the direction and control of an employee that is the main test in determining the relationship of employer and employee. Gidney Auto Sales v. Cutchins, 97 So.2d 145 (Fla.3d DCA 1957). Here, section 250.10(1)(b) indicates that direction and control lie on the state level since it provides that the Adjutant General, appointed by the Governor, is charged with the supervision, training, instruction and discipline of the Florida National Guard. The fact that guardsmen are paid by the United States *452 and are required by federal law to attend weekend training are factors to be considered in determining employment, but they are not controlling.
While the federal government must provide uniform and standardized training for the guard units of the states so that in time of national need they may operate cohesively, the interest of an individual state is no less compelling for its own defense. The mere fact that a guardsman on weekend training fulfills a federal function does not change the relationship between the state and the guardsman.[4]
In summary, we conclude that at the time of the accident here, Williams was a state employee for whose negligent acts the state has waived sovereign immunity under section 768.28. We therefore REVERSE and REMAND for trial.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] The state militia is provided for in Article X, section 2, Florida Constitution.
[2] This section provides in relevant part that:

Under regulations to be prescribed by the Secretary of the Army or the Secretary of the Air Force, as the case may be, each company, battery, squadron, and detachment of the National Guard, unless excused by the Secretary concerned, shall 
(1) assemble for drill and instruction, including indoor target practice, at least forty-eight times each year; and
(2) participate in training at encampments, maneuvers, outdoor target practice, or other exercises, at least fifteen days each year.
[3] Despite this conclusion, the federal government, under 32 U.S.C. § 715 does provide that the Secretary of the Army, in his discretion, may pay up to $25,000 to persons who are injured by National Guardsmen on weekend training.
[4] We recognize that in Atkins v. State Department of Hwy. Safety, etc., 383 So.2d 313 (Fla. 1st DCA 1980), the First District held that a National Guardsman not in active state service is not an employee of the state for purposes of the Worker's Compensation Act. The court noted that compensation for injuries received during training is provided for by the federal government (32 U.S.C. § 318-19) in an amount equal to or equivalent to the benefits accorded by Worker's Compensation. Here, appellants have no federal remedy except the discretionary award referred to in footnote 3.