97 So.2d 208 (1957)
Elmer Everette WILSON, Petitioner,
v.
CITY OF HAINES CITY, Florida, Florida Industrial Commission and Indemnity Insurance Company of North America, Respondents.
No. 28.
District Court of Appeal of Florida. Second District.
September 18, 1957.
Dewell & Dewell, Haines City, Marvin B. Woods, Lakeland, for petitioner.
D.A. Arduengo of Macfarlane, Ferguson, Allison & Kelly, Tampa, for City of Haines City, Florida and Indemnity Ins. Co. of North America.
Burnis T. Coleman and Rodney Durrance, Tallahassee, for Florida Industrial Comm.
ALLEN, Judge.
Elmer Everette Wilson, the Petitioner, was a member of the volunteer fire department of the City of Haines City, and on November 26, 1954 sustained an injury in the course of his employment. The volunteer fire department operated the fire department for the City, there being a large number of volunteer firemen and four *209 permanent firemen. The permanent firemen were employed by the City and paid for full-time work at a base salary of $210 per month. The volunteer firemen were paid on a basis of $1 for each fire attended and $1 for each practice drill.
The petitioner had been employed as a volunteer fireman, on a part-time basis, in excess of 13 weeks prior to his accident. His average earnings per week from such part-time basis was $1.38. His regular employment was as an electrical contractor and operator of appliance and hardware stores. His net income for the year of his injury exceeded $12,000.
The Deputy Commissioner determined that the petitioner suffered a temporary total disability and was entitled to compensation at the rate of $1.38 per week in addition to other allowances.
The Deputy Commissioner in his Order stated:
"Under Section 440.14(5) the claimant was a part-time worker at the time of his injury. He had adopted the part-time employment as his customary practice and he would have remained a part-time worker indefinitely, as there had been openings during the time he was a part-time employee with the City, vacancies for full-time Fireman, which he was not interested in. In view of his self-employment, he would not have considered working for the employer on any basis other than part-time, and his salary would have to be determined by the average wage that he received for the part-time employment. The wage statement filed in evidence by the employer shows that for the 13 weeks period prior to the date of the accident, the claimant was actually paid by the employer a total amount of $18, or an average weekly wage of $1.38."
The Order of the Deputy Commissioner, which was reviewed by the full Commission, was affirmed.
The petitioner contends that the Deputy Commissioner and the full Commission applied the wrong rule and statutory law in determining the petitioner's average weekly wage. It is the contention of the petitioner that the Deputy Commissioner should have considered the earnings of the petitioner in his regular employment, that of an independent contractor and businessman. This question is apparently one of first impression in Florida.
The petitioner in his Brief quotes from several cases from other jurisdictions in which it was held that where the injured party worked on two jobs for different employers and was injured, his compensation should be based on his combined average weekly wage. See De Asis v. Fram Corporation, 78 R.I. 249, 81 A.2d 280; McCummings v. Anderson Theatre Co., 225 S.C. 187, 81 S.E.2d 348; County of Monterey v. Rader, 199 Cal. 221, 248 P. 912, 47 A.L.R. 359.
Florida Statutes, Section 440.14(5), F.S.A. provides:
"If it be established that the injured employee was a part-time worker at the time of the injury, that he had adopted part-time employment as his customary practice, and that under normal conditions he probably would have remained a part-time worker during the period of disability, these factors may be considered in arriving at his average weekly wages. For the purpose of this subsection the term `part-time worker' means an individual who customarily works less than the full-time hours or full-time work week of a similar employee in the same employment because unable or unwilling to accept full-time work, and does not include any employee who was working on a part-time basis because (a) his employer failed to provide full-time work for him, (b) he was unable to obtain full-time work, or (c) his attendance at school or college did not permit full-time employment."
*210 The case of State ex rel. Smith v. Industrial Commission of Ohio, 127 Ohio St. 217, 187 N.E. 768, 769, which was cited by the Respondents in their Brief, involved two employees of a volunteer fire department, one regularly employed as a baker, and the other as a restaurant worker. The Supreme Court of Ohio held that their average weekly wages could not be combined, saying:
"Of course, there is a clear distinction between the instant cases and those which hold that an employee should be compensated on the basis of combined earnings from all similar employments. It cannot be seriously contended that employment as a baker, and employment as a restaurant worker, respectively, are in any way related to that of volunteer fireman. * * *
"While it has always been the policy of this court to construe liberally the provisions of the Workmen's Compensation Act in favor of injured employees and their dependents, we should have to resort to a dubious and forced construction of our statutes to hold that the phrase `average weekly wages' as used therein was intended to cover both the earnings of an employee in the particular work he was performing when injured and the remuneration received in a distinct and separate employment, in which he was generally engaged, and which was not connected in any way with the employment in which the injury was suffered."
The full Commission in affirming the Order of the Deputy Commissioner, stated that the claimant was not an employee in any other field of endeavor, therefore, his sole earnings as an employee was that of a volunteer fireman. The full Commission in its Opinion specifically stated that it was of the opinion that where an employee, for example a carpenter, who earns $250 per month doing carpenter work, and who also is a volunteer fireman, earning an average of some $1.50 per week as such, is injured while fighting a fire, his average weekly wage must include both his wages as a carpenter and his wages as a fireman.
We approve the Order of the full Commission in affirming the Order of the Deputy Commissioner. We think the Deputy Commissioner was correct in refusing to combine the wage of the Petitioner as a voluntary fireman with his earnings as an independent contractor. In the latter instance his earnings accrued to him as an employer and not as an employee. In the case of Leon County v. Sauls, 151 Fla. 171, 9 So.2d 461, the Supreme Court of Florida held that a study of the title, and the Workmen's Compensation Act itself, shows conclusively that it is limited to those employed or appointed under contract and, therefore, was not applicable to a private citizen who was requested by a Constable to assist in an arrest and was injured. As he was not an employee of the County he was not entitled to compensation benefits.
Therefore, we approve the Order of the full Commission in affirming the Order of the Deputy Commissioner. We express no opinion on that part of the opinion of the full Commission with reference to the wages of a carpenter and a volunteer fireman being combined to determine his average weekly wage, as this matter was not properly before the full Commission nor before this Court.
Petition for Certiorari is denied.
KANNER, C.J., and PLEUS, J., concur.