134 So.2d 238 (1961)
JAQUETTE MOTOR COMPANY and Corporate Group Service, Inc., Petitioners,
v.
Anna L. TALLEY and the Florida Industrial Commission, Respondents.
No. 31126.
Supreme Court of Florida.
November 1, 1961.
*239 Jones, Adams, Paine & Foster and Paul C. Wolfe, West Palm Beach, for petitioners.
Dean Tooker, Stuart, Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents.
HOBSON, Justice.
The petitioner herein, who is the employer, seeks review by certiorari of an order of the Florida Industrial Commission which affirmed an award of compensation by the Deputy Commissioner to the dependent widow of the deceased employee.
In November, 1957, the deceased employee was employed by the Florida East Coast Railway as a bridge tender at an average weekly wage of $66. His hours of employment were from 10:00 P.M. until 6:00 A.M. He was concurrently employed by petitioner Jaquette Motor Company as a used car salesman at an average weekly wage of $45.42. The accident which subsequently proved fatal to the employee arose out of and in the course of the latter employment. On November 25, 1957, the deceased was, incidental to his duties as a used car salesman, driving a used car from his employer's lot in Fort Pierce to another lot in Stuart, Florida. While en route to Stuart, the car had a blowout. While attempting to change the tire, the deceased suffered a heart attack which resulted in his hospitalization and subsequent death in April, 1958. It appeared from the evidence that in July, 1953, the deceased suffered an acute coronary thrombosis. This attack resulted in permanent heart damage.
The foregoing facts are not in dispute and the petitioner makes no contention before this court that the 1957 attack was not a result of an accident arising out of and in the course of employment.
The first issue with which we are presented arises out of the fact that the deputy based his award of compensation on a combination of the earnings of the deceased from both the petitioner, Jaquette Motor Company, and the Florida East Coast Railway.
Petitioner relies on Section 440.09(2), viz.:
"No compensation shall be payable in respect of the disability or death of an employee of a common carrier by railroad or express company engaged in intrastate, interstate or foreign commerce."
It is petitioner's contention that in light of this section it is improper to include in the computation of average weekly wages the earnings from employment by the Florida East Coast Railway.
We are compelled to agree. This is a case of first impression in this state although an analogous situation was presented to the District Court of Appeal, Second District in the case of Wilson v. City of Haines City, Fla.App., 97 So.2d 208. In that case the claimant was self-employed as an electrical contractor and store operator with an income from these enterprises in excess of $12,000 a year. He also served as a voluntary fireman for the City of Haines City. He received $1 for each fire attended and for each practice drill. He received an injury in the course of his employment as a voluntary fireman. The issue was whether he was entitled to compensation based only on his earnings as a voluntary fireman or whether his income from self-employment should also be included in computing the rate of compensation. The court held that the deputy was correct in refusing to combine the wages of the claimant as a voluntary fireman with his earnings as an independent contractor. The rationale of the decision was that since an independent contractor is not an "employee" coming under the provisions of the Workmen's Compensation Act, then the earnings resulting from self-employment should not be included as a basis for compensation under the Act. The analogy to the instant case is clear, for just as an independent contractor does not come within *240 the terms of the Workmen's Compensation Act so also is the employee of a railroad excluded therefrom. It is true, of course, that the death of the employee herein terminates his earnings from the railroad as well as those which he received from the covered employment. However, this fact does not justify our expanding the provisions of the act beyond those situations which it was intended to cover. Section 440.14, F.S.A., regarding determination of pay, clearly supports this holding:
"(1) If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of thirteen weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the said thirteen weeks." (Italics supplied.)
Sub-section (2) of Section 440.14 provides an alternative method of computing the wage basis if the claimant has not worked in "such employment during substantially the whole of thirteen weeks immediately preceding the injury." In such event the wages of a similar employee in the same employment shall be used to determine the wage base. Sub-section (3) of the same section provides "if either of the foregoing methods cannot reasonably and fairly be applied the full time weekly wages of the injured employee shall be used, except as otherwise provided in subsection (4) or (5) of this section." (Italics supplied.) The latter section has been cited by the Industrial Commission as authority for combining for the purposes of computing the average weekly wage the earnings of a claimant from two concurrent though dissimilar employments where the employments were both covered by the Workmen's Compensation Act. White's Superette v. Barnes, Claim No. 2-90874; cert. den. 125 So.2d 875. The basis of the White's Superette decision was that it was neither reasonable nor fair to compute the wage base of the employee solely upon his earnings from the employment out of which his injury transpired.
This court has not nor do we now rule on the question whether the earnings of an employee engaged in separate covered employments may be combined to compute his average weekly wage. It is unnecessary for us to decide such query because in the instant case employment by the railroad is specifically exempted from the operation of the Workmen's Compensation Act. Even if it could be said that limiting the wages to those received from the employment in which he was working at the time of the injury as provided by sub-section (1) of Section 440.14 was not reasonable and fair and that sub-section (3) should be applied, it is our opinion that the phrase "full time weekly wages" as used in sub-section (3) must be construed within the context of the Workmen's Compensation Act as a whole. If the phrase is so considered then it is clear that wages from an employment specifically excluded from the operation of the act may not be used as a part of the claimant's wage base. See 11 Workmen's Compensation Text, Schnieder, Section 2190, page 21 and 99 C.J.S. Workmen's Compensation § 294, at page 1022.
The remaining issue to be disposed of is whether the deputy and the full commission erred in not finding that the 1957 attack of the deceased was an aggravation of his pre-existing heart disease. Section 440.02(19) provides in part:
"Where a pre-existing disease is accelerated or aggravated by accident arising out of and in the course of the employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable."
The deputy commissioner made no finding as to whether or not the fatal attack of the deceased was an acceleration of death due to the pre-existing heart disease.
*241 The Full Commission, in affirming the deputy's award, held that the claim fell within the cases of Davis v. Artley Construction Company, 1944, 154 Fla. 481, 18 So.2d 255 and Alexander v. Peoples Ice Company, Fla., 85 So.2d 846, "* * * both cases standing for the proposition that the employer takes an employee as he finds him." The commission also stated, "* * * we do not think the deputy committed error by not attempting to speculate by determining the aggravation or acceleration of claimant's death as a result of a pre-existing disease." We interpret the quoted statement of the commission as meaning that the deputy was correct in not attempting to speculate as to the amount of acceleration of claimant's death. On the basis of the record before us, we are inclined to agree with the commission that any attempt by the deputy to fix a particular degree of acceleration of death would have been speculative and conjectural. While the doctors who testified were generally agreed that the pre-existing heart disease did contribute to the employee's death and that the second attack merely accelerated his death, none of the medical witnesses was able to testify with any degree of certainty as to the amount of such acceleration. However, in light of the evidence that there was a pre-existing disease which contributed to the employee's death, it was incumbent upon the deputy to make a finding of fact as to whether the pre-existing disease contributed to the death. See Ball v. Mann, Fla., 75 So.2d 758.
Moreover, the full commission erred in resolving the issue before them by resorting to the doctrine that "the employer takes an employee as he finds him". While we recognize as a general proposition that an employee need not enjoy perfect health in order to receive workmen's compensation benefits, nevertheless, the plain mandate of Section 440.02(19) may not be ignored or its purposes be defeated. If the doctrine employed by the commission were used in all cases of aggravation or acceleration of death or disability, then it is clear that the provisions of Section 440.02(19) would be rendered meaningless in every such case.
It is our opinion that justice will best be served by remanding the cause to the deputy commissioner for the purpose of receiving whatever additional testimony the parties may present on this issue of acceleration of death, and for the purpose of making a factual determination as to the existence of a pre-existing disease and its contribution, if any, to the death of the claimant. Accordingly, the cause is remanded to the deputy commissioner for further proceedings not inconsistent with this opinion.
It is so ordered.
THOMAS, Acting C.J., and TERRELL and DREW, JJ., concur.
McLANE, Circuit Judge, concurs in conclusion.