BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission to review the Order entered July 1, 1970. The question presented by this petition is whether wages earned by a claimant in an employment which is excluded from coverage under the Workmen’s Compensation Act are properly included for the purpose of determining the employee’s average weekly wage.
Claimant was primarily employed as a farm laborer for a bona fide farmer. He worked a forty-hour week as a farm laborer receiving wages of approximately $35 per week. Claimant also worked approximately a day and a half as a general laborer each week at the Jay Livestock Market, receiving $15 per week. On October 18, 1967, claimant sustained an injury by accident arising out of and in the course of his employment with the Jay Livestock Market.
*292 The Judge of Industrial Claims, in his Order dated August 11, 1969, found that the work performed by the employee as a farm laborer and the work he performed at the Jay Livestock Market were similar and that, therefore, his average weekly wages were to be computed by combining the wages received from both employments for a total of $50 per week, making his rate of compensation $30 per week.
On application for review, the Full Commission affirmed the Order of the Judge of Industrial Claims without discussion of the computation of the average weekly wage.
The employer-carrier has petitioned this Court for writ of certiorari contending that the wages earned by an employee in a concurrent employment which is excluded from the provisions of the Workmen’s Compensation law, are not properly included with the wages he was earning in the employment during the course of which he was injured for the purpose of determining his average weekly wages. In support of this contention the employer-carrier cites the opinion of this Court in Jaquette Motor Co. v. Talley,[1] wherein this Court held that in computing the average weekly wage, the employee’s earnings from his concurrent employment as a railway bridge tender (exempted from the operation of the compensation act) could not be included. Claimant distinguishes the Jaquette Motor Company case on the grounds that the concurrent employments in that case were wholly dissimilar in nature — railway bridge tender and automobile salesman.
In the Jaquette Motor Company case, supra, this Court held: [2]
“It is clear that wages from an employment specifically excluded from the operation of the act may not be used as a part of the claimant’s wage base.”
To like effect is the case of Wilson v. City of Haines City,[3] wherein it was held that the annual earnings of an independent contractor could not be combined with his earnings as a part-time city volunteer fireman for the purpose of determining the compensation rate for injuries sustained in the employment as a volunteer fireman.
The rule of the Wilson and Jaquette Motor cases, supra, is limited to preventing the inclusion of wages from employment or occupations not covered by the Florida Workmen’s Compensation Act. Those cases and the instant case do not involve the question of whether the earnings of an employee engaged in separate covered employments may be combined to compute his average weekly wage.
The Legislature has seen fit to exclude farm workers from the benefits of workmen’s compensation. It may well be that the time has come, or will come in the near future, for the Legislature to reconsider this exclusion in the light of modern changes in agriculture. If the law is to be modified, however, it must be by legislative enactment and not by this Court. Sympathetic compassion for injured persons does not constitute a legal basis for allowing increased compensation not properly supported by the law.
Accordingly, certiorari is granted and the cause is remanded to the Industrial Relations Commission with directions to remand to the Judge of Industrial Claims for the entry of an appropriate order in accordance herewith.
It is so ordered.
CARLTON, ADKINS, and McCAIN, JJ., concur.
ROBERTS, C. J., dissents.
DEKLE, J., dissents with opinion.
*293 ERVIN, J., dissents and concurs with DEKLE, J.

. 134 So.2d 238 (Fla.1961).

. Id. at 240.

. 97 So.2d 208 (Fla.App.2d 1957).