393 So.2d 665 (1981)
ROLLINS BUILDING SERVICES, INC. and Crawford and Company, Appellants,
v.
Julia THOMAS, Appellee.
No. VV-202.
District Court of Appeal of Florida, First District.
February 11, 1981.
*666 Bernard I. Probst of Walton, Lantaff, Schroeder & Carson, Miami, for appellants.
Edward Schroll, Miami, for appellee.
LARRY G. SMITH, Judge.
The employer/carrier appeal an order finding that claimant has an average weekly wage of $160.00 and that she suffered a 10% permanent partial disability of the body as a whole. They contend that the Deputy Commissioner erred in basing claimant's average weekly wage in part on her wages from her concurrent employment as a domestic servant in private homes. They further contend that the finding of a 10% permanent partial disability of the body as a whole is in error because the Deputy Commissioner failed to apply the deduction provision of Section 440.15(5)(c), Florida Statutes. We agree with the employer/carrier that the Deputy Commissioner improperly computed claimant's average weekly wage but we affirm his finding of a 10% permanent partial disability of the body as a whole.
Claimant injured her back in a compensable accident on November 28, 1978. At the time of the accident, she was a part-time employee earning an average weekly wage of $53.00 with the employer. However, during the thirteen weeks preceding her accident with the employer, claimant held concurrent employment as a domestic servant in private homes earning an average of $107.00 weekly. The Deputy Commissioner combined these earnings and found that claimant had an average weekly wage of $160.00 entitling her to compensation at the rate of $96.00 weekly. We agree with the employer/carrier that this was error because wages earned by a claimant in employment excluded from coverage under the act are not includable in determining claimant's compensation base. Jay Livestock Market v. Hill, 247 So.2d 291 (Fla. 1971). In Jay Livestock Market v. Hill, the Supreme Court refused to include the claimant's wages from concurrent employment as a farm laborer in determining his average weekly wage since his employment as a farm laborer was specifically excluded from coverage under the Workmen's Compensation Act. Similarly, claimant's work as a domestic servant in private homes is specifically excluded from the definition of employment found in Section 440.02(1)(c), 1977 Florida Statutes. Following the rule provided in Jay Livestock Market v. Hill, and the cases cited therein, we conclude that claimant's wages as a domestic servant in private homes are outside the operation of the Act and may not be used in determining her average weekly wage. While we have sympathy with claimant's argument that the purpose of the compensation act is to compensate for loss of wage earning capacity due to a work connected injury and that what is involved is the capacity of the "whole man" not the capacity of the part time or full time worker, (see Justice Dekle's dissenting opinion in Jay Livestock Market v. Hill, we are constrained to follow *667 the mandate of the majority in that opinion that "sympathetic compassion for injured persons does not constitute a legal basis for allowing increased compensation not properly supported by the law." (opinion at p. 292)
Concerning the employer/carrier's argument that the Deputy Commissioner ignored the applicability of merger in this case and the deduction provision of Section 440.15(5)(c), we note the language of the Deputy Commissioner in his order that:
Consistent with the medical opinions of Dr. Logan, I find that the claimant has sustained a residual permanent physical impairment as a result of her accident with the employer herein of 10% permanent partial disability of the body as a whole. Although the claimant may have a greater overall permanent partial disability, I find that the accident with the employer herein caused a 10% permanent partial disability of the body as a whole. No award is made for any excess disability which the claimant may have and which may be attributable to prior back injuries.
We recognize that claimant had injured the same area of her back on two prior occasions, that Dr. Logan felt that claimant's preexisting condition had weakened her back prior to this accident, that he rated claimant as 5 to 10% permanently partially disabled as a result of this accident, and that he felt as a result of all of claimant's conditions she had a 10 to 15% permanent partial disability of the body as a whole. Nevertheless, we disagree that this evidence requires a finding of merger and the applicability of Section 440.15(5)(c). We agree with claimant that the controlling provision of Section 440.15(5)(c) is the last sentence which states:
However, in no event shall the compensation for the subsequent permanent partial disability be less than that allowed for the degree of disability that would have resulted from the subsequent injury or occupational disease if the previous disability had not existed.
Here, the Deputy Commissioner did not award any compensation benefits for merged disability, but only awarded benefits for the degree of disability that resulted from the subsequent injury. Accordingly, we find no error in the Deputy Commissioner's finding of a 10% permanent partial disability.
The order is AFFIRMED in part and REVERSED in part and REMANDED for proceedings consistent with this opinion.
McCORD, J., and LILES, WOODIE A., Associate Judge (Ret.), concur.