404 So.2d 175 (1981)
RANDELL, INC. and Reliance Insurance Company, Appellants,
v.
William CHISM, Appellee.
No. AB-211.
District Court of Appeal of Florida, First District.
September 29, 1981.
*176 Thomas A. Moore of Pitts, Eubanks & Ross, P.A., Orlando, for appellants.
Edward H. Hurt of Hurt & Parrish, P.A. and Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
THOMPSON, Judge.
On this appeal from a workers' compensation Order, the appellants contend that the Deputy Commissioner ("the Deputy") erred in his computation of the claimant's average weekly wage ("AWW") and in awarding attorney's fees to the claimant's counsel. We agree and reverse.
The claimant, a brick mason, sustained a compensable back injury on January 13, 1980, while he was employed by the appellant Randell, Inc. Compensation was paid by the carrier, and a hearing on the question of the proper rate of compensation was held in July 1980. At that hearing, the claimant requested compensation of $211.00 a week based on an AWW of $340.00. He testified that he had worked exclusively for Randell, Inc. since October 1979, and that he earned $8.50 an hour during a 40 hour work week; i.e., $340.00 a week.
In September 1980, another hearing was held. The president and the secretary-treasurer of Randell, Inc. testified that the claimant was only a part-time employee who earned a total of $591.00 during the 13 weeks preceding his accident, which would indicate an AWW of $45.46 and a compensation rate of $30.32. After this evidence was introduced and independently documented, the claimant remembered that while he worked for Randell, Inc., he also worked for Conway Construction Company as a brick mason where he had an AWW of $400.00 during the 13 week period prior to his accident. This testimony was directly contradicted by the president of the construction company, who also presented a document showing that the claimant earned $1,203.00 during the time in question, in addition to a $200.00 Christmas bonus. Additionally, the president testified that the claimant was not employed by Conway Construction Company, but was hired as a subcontractor.
At the September 1980 hearing, the claimant also remembered that he did additional masonary work for a private individual in December 1979, for which he charged $1,500.00. This individual turned out to be a Ms. Painter, the claimant's girlfriend. She testified that she did not pay him in cash, but instead, allowed him to charge 3 microwave ovens to her credit account. The documents recording these credit transactions show that buyer was not the claimant, but Ms. Painter, who later testified that the claimant gave one microwave oven to her and another one to her daughter.
In February 1981, the Deputy entered his Order, finding that the claimant, working as a brick mason, earned $3,494.00 during the 13 week period before his accident, based on earnings of: $591.00 from Randell, Inc.; $1,403.00 from Conway Construction Company; and $1,500.00 from Ms. Painter. Thus, the deputy determined that the AWW was $268.77.
*177 Section 440.14(1)(a), Fla. Stat. (1979) provides in part that:
If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the said 13 weeks. [e.s.]
The Deputy used this statute to combine the claimant's total wages as a brick mason during the 13 week period preceding his accident. However, as this court stated in Rollins Bldg. Services, Inc. v. Thomas, 393 So.2d 665, 666 (Fla. 1st DCA 1981), "wages earned by a claimant in employment excluded from coverage under the [Workers' Compensation Act (`the Act')] are not includable in determining [the] claimant's compensation base." See also Jaquette Motor Co. v. Talley, 134 So.2d 238, 239-40 (Fla. 1961). In this case, the claimant's "employment" by Conway Construction Company and Ms. Painter was not covered by the Act, and the wages earned from the employment should not have been used to compute the claimant's AWW.
The claimant's "employment" by the construction company was excluded from the Act's coverage by virtue of § 440.02(2)(d)1, Fla. Stat., which provides that the term "employee" does not include an independent contractor. The claimant herein was not employed by the construction company, but was an independent contractor, as indicated by the following factors: the payment of wages by job, instead of by time; the performance of masonary work at a fixed price for any given job; and the claimant's hiring of and payment to assistants. Moreover, independent contractor status is indicated by the fact that the claimant was subject to the direction of the construction company only as to the result of his work  not the means used to achieve that result. See Baya's Bar & Grill v. Alcorn, 40 So.2d 468, 469 (Fla. 1949). See also Collins v. Federated Mut., 247 So.2d 461, 463-64 (Fla. 4th DCA 1971), cert. den. 249 So.2d 689 (Fla. 1971). Accordingly, since the claimant was not an employee of the construction company, his "employment" was not covered by the Act, see § 440.02(1)(a), Fla. Stat., and his earnings as an independent contractor should not have been used in determining his AWW. Jay Livestock Market v. Hill, 247 So.2d 291, 292 (Fla. 1971).
The claimant's "employment" by Ms. Painter was excluded from the Act's coverage by virtue of § 440.02(1)(b)2, Fla. Stat., which states that "[t]he term `employment' shall include: [a]ll private employments in which three or more employees are employed by the same employer." This language, which implicitly limits the definition of "employment" in § 440.02(1)(a), Fla. Stat., was interpreted in Mathers v. Sellers, 113 So.2d 443, 445 (Fla. 1st DCA 1959), as follows:
In order, therefore, to bring employment within the purview of [the] Act, it was necessary to show the existence of an established mode or plan of hiring three or more persons pursuant to some constant or periodic custom resulting in a numerical pattern of employment that becomes the rule and not the exception.
See also Allen v. Estate of Carman, 281 So.2d 317, 320 (Fla. 1973); Sudler v. Sun Oil Co., 227 So.2d 482, 483-84 (Fla. 1969). Ms. Painter did not employ three or more persons as that requirement was explained in Mathers. Therefore, in light of the preceding cases, the claimant's work for her did not constitute employment within the purview of the Act, and his earnings should not have been included in determining his AWW.
The Deputy also found that the claimant's counsel was entitled to a reasonable attorney's fee, together with a reimbursement for taxable costs. The appellants assume that they are to be responsible for these expenses, although the Deputy's Order is not clear on this point. It the Deputy intended for the appellants to bear these expenses, the Deputy was in error. The accident herein occurred in January 1980, and we find that as a matter of law, *178 there is no applicable statutory provision which would allow for the assessment of an attorney's fees or costs to be borne by the appellants. See § 440.34(2)(a)-(c), Fla. Stat.
The Deputy's Order is reversed and this cause is remanded with directions to enter an Order finding that for the 13 week period preceding the claimant's accident, his AWW was $45.46.
ROBERT P. SMITH, Jr., C.J., and JOANOS, J. concur.