PER CURIAM.
In this workers’ compensation action the employer/carrier urges two points on appeal which we agree should be reversed and remanded. As to Point I, we agree with the appellant that the deputy commissioner erroneously included the claimant’s earnings from self-employment as an independent contractor in computing the average weekly wage. See Randell, Inc. v. Chism, 404 So.2d 175, (Fla. 1st DCA, 1981); Jay Livestock Market v. Hill, 247 So.2d 291 (Fla.1971); Parrott v. City of Ft. Lauderdale, 190 So.2d 326 (Fla.1966).
Point II requires reversal because the deputy’s inaccurate and inconsistent findings on permanent impairment, apparently stemming from his confusing one medical opinion for another, precluded meaningful appellate review of his legal conclusions. On remand, the deputy should clarify his findings on which an award of temporary partial disability may be based.
The point on cross-appeal is unripe until the findings on permanent impairment are clarified on remand.
Reversed and remanded for proceedings consistent with this opinion.
ERVIN, BOOTH and THOMPSON, 33., concur.