NIMMONS, Judge.
In this appeal by the employer/carrier we find only one issue which merits discussion. The deputy based the claimant’s average weekly wage (AWW) in part on the claimant’s concurrent earnings derived from his position as an officer and part owner of a corporation. It was the policy of this corporation to keep workers’ compensation insurance in place for all of its employees, but the claimant discovered subsequent to his injury that another officer had permitted the insurance to lapse by failing to pay the premiums. The employer/carrier contend that the insurance lapse renders the claimant’s otherwise includible concurrent income from this venture non-includible. We disagree and affirm.
The authorities relied upon by appellants deal with the principle that concurrent wages earned in types of employment which are excluded from coverage under the Workers’ Compensation Act cannot be included in the AWW calculation. E.g. State of Florida, Department of Corrections v. Tharpe, 413 So.2d 159 (Fla. 1st DCA 1982) (employer with less than three employees); Randell, Inc. v. Chism, 404 So.2d 175 (Fla. 1st DCA 1981) (independent contractor); Rollins Building Services, Inc. v. Thomas, 393 So.2d 665 (Fla. 1st DCA 1981) (domestic servant). But whether an employer acquires workers’ compensation insurance — or once acquired, whether the employer keeps such insurance in force — is unrelated to whether the Act cov *616 ers that employment. We hold that whether a claimant was covered by a workers’ compensation insurance policy in his concurrent employment is irrelevant to whether his concurrent earnings are includible in the AWW calculation.
We note that the Florida Supreme Court in American Uniform & Rental Service v. Trainer, 262 So.2d 193 (Fla.1972) discarded the principle announced in J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553 (Fla.1962), that concurrent earnings from dissimilar employment otherwise covered by the Act are not includible in the AWW calculation. The Court noted the inequitable results frequently occurring under the old rule and concluded that nothing in the body of the Act compelled such a principle. The Court went on to point out that under the J.J. Murphy rule an employee often would not know until after he was injured whether his concurrent employment was sufficiently similar to gain him full compensation for his lost income. Similarly, an employee faced with inadequate compensation because of his employer’s lack of insurance would typically have no way of realizing his circumstance until it is too late. We conclude that appellants' proposed rule of law is equally unsupported by the wording and policy of the Act and carries comparable potential for unfairness.
Appellants point out that the claimant was much more than just an employee of the concurrent employer and was, in fact, an officer and part owner of the corporation. Appellants ask us to hold that the wages from the claimant’s collateral employment should not be factored into the AWW determination because the claimant’s position with the collateral employment was such that he should be deemed responsible for the lack of insurance coverage. To adopt such a position would require that we carve out an exception for employees who exercise such degree of control over the affairs of their employers so as to be deemed responsible for the actions or inac-tions of the employers. The exception urged by appellants, which would involve a new species of factual issue, has little to commend it and would invite additional disputes in a field already heavily burdened with litigation.
We have examined the remaining points urged by appellants and find them to be without merit.
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.