528 So.2d 456 (1988)
ANNA MARIA FIRE CONTROL DISTRICT and Commercial Union Insurance Company, Appellants,
v.
Thomas Karl ANGELL, Appellee.
No. 87-1474.
District Court of Appeal of Florida, First District.
July 1, 1988.
Rehearing Denied August 10, 1988.
*457 Claire L. Hamner, of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellants.
Alex P. Lancaster, P.A., Sarasota, for appellee.
MILLS, Judge.
Anna Maria Fire Control District and Commercial Union Insurance Company (E/C) appeal from an order of the deputy commissioner permitting the inclusion of appellee Angell's wages as a sole proprietor in the calculation of his average weekly wage (AWW) following injury suffered in his concurrent employment as a volunteer fireman. We reverse.
Angell severely injured his knee on 8 May 1980 in his capacity as a volunteer fireman for the E/C. His wage was so low that his compensation rate was stipulated to be $20 per week, the minimum. Concurrently with his volunteer fireman duties, Angell operated an electrical contractor company as a sole proprietorship with two employees. He was not covered in that work by worker's compensation insurance, nor was he an "employee" as defined by Section 440.02(2)(c), Florida Statutes (1979) (the term "employee" shall include a sole proprietor who devotes full time to the proprietorship and elects to be included in the definition of employee by filing notice thereof as provided in section 440.05). Section 440.05(2), Florida Statutes (1979), provides that "every sole proprietor ... who elects to be included in the definition of "employee" ... shall mail to the division in Tallahassee notice to such effect... ." It is undisputed that no such notice was ever filed by Angell.
The instant hearing was held on Angell's request for wage loss benefits from June 1985 forward. One of the E/C's defenses was that, considering Angell's income from his business, he had suffered no wage loss relative to the volunteer fireman job. By order of 14 June 1984, the DC established that, because Angell's wages from his business were not covered by the Worker's Compensation Act, they could not be used to calculate his AWW, citing American Uniform & Rental Service v. Trainer, 262 So.2d 193 (Fla. 1972). Appellee contended at the instant hearing that it was unfair both to exclude his wages from the business in calculating his AWW and allow the E/C to argue the amount of those wages to bar his entitlement to wage loss. The DC agreed, despite his earlier holding, and held that "the only way to fulfill the Act is to include the concurrent earnings in [Angell's] AWW calculation." The DC referred to § 440.15(3)(b)(1), "benefits must be based on actual wage loss", and found that to calculate the actual loss, the concurrent earnings had to be included.
The issue in American Uniform was the proper method of determining the AWW of an employee with concurrent, dissimilar part-time and full-time jobs who is injured in the part-time job. The court receded from an earlier holding that only wages in concurrent similar employments could be combined to determined AWW, see J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553 (Fla. 1962), to hold that when an injury on the part-time job has disabled the employee from working at his full-time job, wages from the concurrent employments shall be combined without regard to similarity of jobs. American Uniform at 196.
However, the court was careful to add that its holding did not change the rule of Jaquette Motor Co. v. Talley, 134 So.2d 238 (Fla. 1961) that wages from employments outside the operation of the Act may not be used in determining the AWW. In Jacquette, the DC had based his award of compensation on a combination of the claimant's earnings from Jacquette and the Florida East Coast Railway. The court noted that, under the Act, there was no compensation available for disability or death of an employee of a common carrier by railroad. Relying on Wilson v. City of Haines City, 97 So.2d 208 (Fla. 2d DCA 1957), wherein the court approved the deputy's refusal to combine volunteer fireman wages with electrical contractor wages since the latter were earned as an independent contractor, not as an "employee" under the Act, the Jacquette court reversed the combination of Jacquette wages with railroad wages since the latter employment *458 was similarly uncovered by the Act. See also Randell, Inc. v. Chism, 404 So.2d 175 (Fla. 1st DCA 1981) (wages earned by a claimant in employment excluded from coverage under the Act are not includable in determining the claimant's compensation base); accord Florida Power & Light Co. v. Monks, 407 So.2d 1081 (Fla. 1st DCA 1982).
In the instant case, the conclusion is unavoidable that Angell is not an "employee" covered by the Act. This is not by virtue of his failure to have worker's compensation insurance coverage, since such coverage is irrelevant to whether the Act covers specific employment. Tenneco, Inc. v. Montana, 520 So.2d 615 (Fla. 1st DCA 1988). However, the term "employee" only includes sole proprietors who devote full time to the proprietorship, over which there is no dispute herein, and who elect to be included in the definition of "employee" by filing notice to that effect with the division in Tallahassee per § 440.05(2) (every sole proprietor who elects to be included in the definition of "employee" shall mail to the division in Tallahassee notice to such effect). It is undisputed that Angell made no such election. Therefore, his employment as a sole proprietor is not "covered by the Act" so that his wages from that employment would be properly includable in determining his AWW, and the DC erred, even if for commendable motives, in holding them includable.
We reverse and remand for recalculation of the AWW using only Angell's employment with the E/C.
SHIVERS and WIGGINTON, JJ., concur.