541 So.2d 1236 (1989)
SUNSHINE ACE HARDWARE and Crum & Forester Commercial Insurance, Appellants,
v.
Donald E. GRAY, Appellee.
No. 88-1366.
District Court of Appeal of Florida, First District.
February 14, 1989.
Rehearing Denied May 15, 1989.
*1237 Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellants.
Peter C. Burkert of Burkert & Hart, Fort Myers, for appellee.
MINER, Judge.
In this workers' compensation appeal, the employer/carrier (e/c) assert that the deputy commissioner (dc) erred in allowing pre-injury earnings from concurrent part-time work not covered by workers' compensation to be included in the average monthly earnings figure used for wage loss calculation. We agree and reverse.
Here, the claimant suffered a compensable accident on April 25, 1986. He was treated by several doctors, returned to light duty status and reached maximum medical improvement (MMI) on October 16, 1987. Prior to his accident, Mr. Gray worked full time for the e/c and also sold real estate on a part time basis. Following his return to light duty status, he chose not to return to his full time position with the employer, opting instead to sell real estate full time. The dc found that this decision was supported by the recommendation of his doctor and was reasonable considering Gray's injury and vocational capabilities. This finding was not disputed by the parties.
On March 16, 1988, a hearing was held on claimant's request for wage loss benefits and an increase in his average weekly wage (AWW). On May 3, 1988, the dc, having concluded that claimant's pre-injury part-time real estate earnings should be included in the AWW computation, issued an order increasing AWW. The dc also ordered that the e/c were entitled to offset claimant's full time real estate earnings in computing wage loss. Although he acknowledged that claimant's real estate work was in non-covered employment and thus was not includable in computing AWW, he reasoned that such employment was properly considered for purposes of establishing wage loss. With that portion of the dc's order finding e/c's entitlement to an offset for claimant's full time real estate earnings the parties are now in agreement.[1] Thus, the dispute here is limited to the dc's inclusion of pre-injury real estate earnings in determining claimant's AWW.
A review of the record persuades us that claimant was not an "employee" within the meaning of Section 440.02(11)(d)(1), Florida Statutes (1987), during the time he was selling real estate part-time. He was, in fact, an independent contractor or as he described his status, an "independent agent." He worked out of his home, his hours were varied, he had "no obligation for a time schedule" and "didn't report to the office area." Nowhere in the record do we find the type of supervision and control over his work indicative of other than independent contractor status.
Because he was an independent contractor, Mr. Gray's earnings should not have been included in the determination of his AWW. It is well settled that earnings made as an independent contractor are not includable in the determination of AWW. Wilson v. City of Haines City, 97 So.2d 208 (Fla. 2d DCA 1957); Randell, Inc. v. Chism, 404 So.2d 175 (Fla. 1st DCA 1981). These cases represent a specific application of the general rule that wages earned in non-covered employment are not includable in determining AWW.
It has not escaped our notice that, in some recent pronouncements on the subject, this court has been critical of certain applications of the above-stated general rule. For instance, in obiter dictum in Iley v. Linzey, 531 So.2d 1361 (Fla. 1st DCA 1988), the court stated:

*1238 The notion that wages earned in a class of work or industry expressly excluded from the operation of the workers' compensation act should be excluded from AWW calculations may have some rational basis in the statutory language and manifest legislative intent, but to exclude from AWW wages earned in a class of work or industry covered by the Act solely on the basis that the claimant's particular concurrent employment is not covered due to the employer's election or limited number of employees has no rational basis in any statutory language found in Chapter 440.
531 So.2d at 1368.
This criticism was directed at a number of decisions holding that a claimant's concurrent earnings are not includable in determining AWW if: (1) the claimant received the earnings as a sole proprietor who did not make an election pursuant to section 440.05 Florida Statutes (1987), to be covered under the Act, or (2) the claimant received the earnings from an employer with fewer than three employees. Listed on the Iley court's "critical list" was Randell which held in part that the claimant could not include in AWW wages he earned from employment by his girlfriend since he was her only employee. However, Iley directed no criticism to that portion of Randell which excluded the claimant's earnings as an independent contractor. Accordingly, upon the authority of Randell, we hold that the dc erred in including claimant's non-covered pre-injury earnings from real estate sales in determining AWW. Having so concluded, the dc's order is reversed and the case remanded for further proceedings consistent herewith.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] Although claimant's original position was that real estate earnings should be entirely excluded both from determination of AWW and from wage loss, he thereafter adopted dc's position.