560 So.2d 1289 (1990)
Robert BATH, Appellant,
v.
SHEE-CON, INC. and Florida Insurance Guaranty Association, Appellees.
No. 88-01300.
District Court of Appeal of Florida, First District.
April 25, 1990.
Rehearing Denied May 30, 1990.
*1290 Susan W. Fox of Macfarlane, Ferguson, Allison & Kelly, Tampa, and H. Guy Smith of H. Guy Smith, P.A., Lakeland, for appellant.
Steven P. Pyle of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, P.A., Orlando, for appellees.
BOOTH, Judge.
This cause is before us on appeal of an order rejecting inclusion of lodging and National Guard earnings in claimant's average weekly wage (AWW). For the following reasons, we affirm in part and reverse in part.
Claimant is a 26-year-old man who was hired by the employer in July 1983. The employer was a contractor engaged in land clearing, and claimant worked as a bushhogger for several weeks before a fellow employee accidentally shot him in the neck with a rifle. He is a quadriplegic for life.
Prior to his injury, claimant stayed during the week in a trailer owned by the employer. This was not offered as part of his salary but was made available as a convenience because claimant's residence was 65 miles from the job site. Claimant's father, who worked for the employer in a supervisory capacity, gave him permission to stay in the trailer. At no time did claimant make the trailer his residence.
We agree with the judge of compensation claims that the trailer was a uniquely work-related expense created by and within the employment. In Layne Atlantic Company v. Scott, 415 So.2d 837 (Fla. 1st DCA 1982), this court stated:
We must not lose sight of the reason for determining average weekly wage, which is to eventually measure the economic loss a worker experiences when he suffers ... "wage loss" as [that term is] statutorily defined. If an employer stops helping an employee meet his personal expenses, the employee has suffered an economic loss.... However, if an employer no longer makes certain expense payments because the employee no longer incurs those expenses, the employee has suffered no economic loss.
In short, we cannot construe the term "wages" to include a make-whole reimbursement for uniquely work-related expenses that are created by and within the employment. [citation omitted]
Here, because the away-from-home motel expense was solely a creature of the job, Scott, who is no longer employed by Layne Atlantic Company and no longer *1291 must bear this extraordinary expense, has suffered no economic loss based on his failure to receive such reimbursement now... .
It is readily apparent that a dollar-for-dollar reimbursement for an away-from-home motel room satisfies a need that would not exist but for the idiosyncracies of work, so it cannot be considered as "wages." [emphasis added]
The judge's critical fact finding, which is supported by competent, substantial evidence, is that claimant's home, 65 miles away from the job, always remained his residence. He did not make the trailer his new residence, and lodging was not part of his compensation under the contract of employment. Thus, the trailer was not a "personal" expense within the meaning of Layne, supra, but was solely a work expense created by the employment. In a similar case, Wiley Jackson Company v. Webster, 522 So.2d 987 (Fla. 1st DCA 1988), this court reversed an AWW award that included $500 monthly reimbursement for living expenses paid to a claimant who was staying in Stuart performing construction work but who actually lived in Orlando. Although the instant claimant was not reimbursed monetarily for renting a room, instead being allowed to stay in the trailer, the principle is the same. Claimant's need for the trailer no longer exists now that his employment has ended, and the judge did not err in refusing to include the trailer's rental value in claimant's AWW.
However, we reverse as to the second issue. At the time of the injury, claimant was a member of the Florida National Guard. In an issue of first impression in this state, the employer and carrier successfully contended below that National Guard service was not "employment" within the meaning of the Workers' Compensation Act. This contention was erroneous.
Section 440.02(13)(a), Florida Statutes (1983),[1] states that employment is any service performed by an employee for the person employing him. "Employee" is defined in Section 440.02(11), Florida Statutes (1983), as "every person engaged in any employment" (emphasis added). Although there are some specific statutory exclusions from the definition of "employee," none of these are applicable sub judice. In other words, "employee" was not statutorily defined to specifically or impliedly exclude members of the National Guard. Likewise, the wording "any service performed" in the Section 440.02(13)(a) definition of "employment" is extremely broad and is only limited by Section 440.02(13)(c), Florida Statutes (1983). That section states that employment does not include service performed by domestic servants in private homes, agricultural labor performed under certain circumstances, professional athletes, and labor under court sentences.
"Employment" is further defined under Section 440.02(13)(b)1, Florida Statutes (1983), to include "employment by the state and all political subdivisions thereof." Because claimant was never called into active service by the State of Florida, instead remaining a reserve guard member at all times, the employer and carrier argue that claimant was never actually a member of the state guard system; he was only a member of the federal system, which was solely responsible for his training and pay.[2] Thus, they conclude that claimant was never engaged in state employment within the meaning of the Act.
As outlined above, claimant was an "employee" as defined in Section 440.02(11), Florida Statutes (1983). "Employment" is statutorily defined to include employment by the state and is further defined broadly as "any service performed" by the employee. Although claimant was never called into active state duty, the service he performed for the State of Florida was his signature on a contract of enlistment obligating *1292 him to defend the people of the state in time of civil disobedience, invasion, or natural disaster. The fact that claimant's primary National Guard obligation was to the United States of America does not mean that he did not have a lesser but concurrent obligation to the State of Florida. His enlistment papers clearly show that he took a dual oath of allegiance to both the United States and the State of Florida, and that he specifically swore allegiance to the Constitution and the Governor of the State of Florida. This was a service to the State of Florida. This was a service to the state and was encompassed within the broad statutory definition of employment.[3]
In Iley v. Linzey, 531 So.2d 1361 (Fla. 1st DCA 1988), this court discussed proper determination of the AWW in the concurrent employment context.[4] Discussion at pages 1363 through 1368 indicates that where courts have held concurrent employment not includable in the AWW, the primary reason was that the Act specifically excluded that type of employment. Consequently, the decision concluded that, while excluding employment specifically excluded by statute was correct, excluding concurrent employment wages not expressly excluded from the Act's coverage, was error.
National Guard employment is not specifically excluded by the Act, and we accordingly reverse and remand with directions to include claimant's National Guard earnings in his AWW.[5]
Affirmed in part, reversed in part, and remanded with directions.
JOANOS and MINER, JJ., concur.
NOTES
[1] The current statutory versions are the same.
[2] Under various provisions of the Military Code, Chapter 250, Florida Statutes, Guard members are not paid by the State of Florida or under direct state control unless ordered on active duty.
[3] We further note that as a general rule, "[t]he Act applies to all employment unless specifically excluded." University of Florida v. Karch, 393 So.2d 621 (Fla. 1st DCA 1981), citing Street v. Safway Steel Scaffold Co., 148 So.2d 38 (Fla. 1st DCA 1962).
[4] The judge of compensation claims did not have the benefit of this decision when he entered the order below.
[5] We recognize that Atkins v. State, Department of Highway Safety and Motor Vehicles, 383 So.2d 313 (Fla. 1st DCA 1980), held that a National Guardsman injured while on active duty federal summer training was not a state employee within the meaning of Chapter 440, Florida Statutes. That holding was mischaracterized in Crawford v. Department of Military Affairs, 412 So.2d 449 (Fla. 5th DCA 1982), as meaning that "a National Guardsman not in active state service is not an employee of the state for purposes of the Workers' Compensation Act." That is not what Atkins held. The Atkins decision found that because federal regulations required Guardsmen to attend the summer camps and provided for their pay and medical care in the event of injury, Chapter 440 was inapplicable. Likewise, because Atkins' status while on active federal duty did not meet the statutory requirements for state active service under Chapter 250, Florida Statutes, he was precluded from alternative compensation under Chapter 250. Atkins was specifically based on "the particular circumstances" and, properly construed, does not concern the instant issue. Regardless of whether Guardsmen are considered state or federal employees when injured while performing Guard activities, National Guard membership is still considered concurrent employment within the meaning of the Act.