667 So.2d 447 (1996)
PUTNAM COUNTY SCHOOL BOARD and Gallagher Bassett Services, Appellants,
v.
Ruby DEBOSE, Appellee.
No. 95-2649.
District Court of Appeal of Florida, First District.
January 30, 1996.
*448 Susan J. Anger of Moore & Peterson, P.A., Orlando, for Appellants.
Marshall D. Davis of Marshall D. Davis, P.A., Jacksonville, for Appellee.
DAVIS, Judge.
Putnam County School Board and Gallagher Bassett Services appeal an order of the Judge of Compensation Claims ("JCC") adjusting the claimant's average weekly wage ("AWW") to include her concurrent earnings from her son's dry cleaning business. Because the JCC ordered an adjustment in the claimant's AWW contrary to controlling precedent of this court holding that earnings from employment that do not fall within the definition of "employment" provided in section 440.02 are not includable in the determination of the AWW, we reverse.
The claimant was injured in an industrial accident on May 10, 1993. On May 25, 1994, the claimant filed a petition for benefits seeking an adjustment in her AWW. The parties stipulated that the only issue to be decided by the JCC was whether the claimant's concurrent earnings from her work at her son's dry cleaning business should be included in the calculation of her AWW. The claimant and her son were the only employees of the dry cleaning business. Section 440.02(15)(b)2., Florida Statutes (1993), defines "employment" as "[a]ll private employments in which four or more employees are employed by the same employer... ." Even though acknowledging that this latter employment did not fall within the term "employment" as utilized in the Workers' Compensation Law, the JCC nevertheless determined that the claimant's earnings from her son's dry cleaning business should be included in the calculation of her AWW. In concluding that the claimant's earnings from her son's business should be included in the calculation of her AWW, the JCC relied on dicta from Iley v. Linzey, 531 So.2d 1361 (Fla. 1st DCA 1988), review denied, 542 So.2d 989 (Fla. 1989), instead of following the controlling precedent of Randell, Inc. v. Chism, 404 So.2d 175 (Fla. 1st DCA 1981) and State, Dep't of Corrections v. Tharpe, 413 So.2d 159 (Fla. 1st DCA 1982).[1]
In Randell, this court held that the claimant's "employment" by his girlfriend was excluded from coverage under chapter 440 by virtue of section 440.02(1)(b)2, Florida Statutes, which provided that "employment" shall include "all private employments in which three or more employees are employed by the same employer." Because the claimant's girlfriend did not have three or more employees, the court held that the claimant's earnings from that employment should not be included in determining his AWW. In *449 Tharpe, this court held that the claimant's "employment" as a landowner's sole employee was not covered employment under section 440.02(1)(b)2, Florida Statutes (1979), which defined "employment" as "private employments in which three or more employees are employed by the same employer." Because the claimant's employer did not have three or more employees, the court held that the claimant's earnings from that employment should not be included in determining the AWW.
In Iley, a case which involved the calculation of the AWW for a seasonal worker, this court criticized Randell, observing:
The supreme court decisions in Jaquette Motor [Co. v. Talley, 134 So.2d 238 (Fla. 1961)] and Jay Livestock Market [v. Hill, 247 So.2d 291 (Fla. 1971)], ruling that concurrent earnings from such employments could not be included in AWW calculations, were predicated on specific statutory exclusions of certain classes of employment from coverage under the act and were based on the court's construction of explicit language of the pertinent subsections of section 440.14. In view of subsequent amendments to chapter 440, it is doubtful that the same results would have been reached if those cases were decided today. Yet this court, beginning with Randell, has seemingly extended the rationale of the supreme court decisions beyond their obvious limitations by excluding from AWW calculations of wages earned in employment that has not been expressly excluded from the act's coverage, but was not covered only because of the employer's election or limited number of employees. The notion that wages earned in a class of work or industry expressly excluded from the operation of the workers' compensation act should be excluded from AWW calculations may have some rational basis in the statutory language and manifest legislative intent, but to exclude from AWW wages earned in a class of work or industry covered by the act solely on the basis that the claimant's particular concurrent employment is not covered due to the employer's election or limited number of employees has no rational basis in any statutory language found in chapter 440. Since the underlying purpose of the workers' compensation act is to protect an employee's loss of wage earning capacity measured by his past wages and to place the financial burden of such loss upon the industry in which the claimant was working when injured, it is highly questionable that this court's decisions excluding wages from employments that may be covered under the act have properly construed the statutory language and properly applied the rationale of the decisions of the supreme court.
Iley, 531 So.2d at 1368 (footnote omitted). Because Iley involved the construction and application of section 440.14(1)(c), which defined the AWW for seasonal workers, and did not involve a question of coverage under the act because of an employer's limited number of employees, the Iley court's criticism of Randell was merely dicta. In fact, this court expressly noted that this discussion was unnecessary to the disposition of that case. The JCC noted that, although the court in Iley did not recede from Randell, he instead chose what he believed to be well-reasoned dictum in Iley to include the claimant's earnings from her son's dry cleaning business in the calculation of her AWW.
We hold that the JCC erred in failing to follow the holdings of Randell and Tharpe. Under the doctrine of stare decisis, lower courts are bound to adhere to the rulings of higher courts when considering similar issues even though the lower court might believe the law should be otherwise. State v. Dwyer, 332 So.2d 333 (Fla. 1976); Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). The calculation of the AWW under section 440.14(1)(a) and (b), Florida Statutes (1993), is based upon "employment" during substantially the whole of thirteen weeks immediately preceding the injury. Concurrent earnings under chapter 440 are includable in the calculation of the AWW. Vegas v. Globe Sec., 627 So.2d 76 (Fla. 1st DCA 1993), review denied, 637 So.2d 234 (Fla. 1994). Wages earned by a claimant in employment excluded from coverage under chapter 440 cannot be included in determining the AWW. Rollins Bldg. Services, Inc. v. Thomas, 393 So.2d 665 (Fla. 1st DCA 1981). Section 440.02(15)(b)2., Florida Statutes (1993), provides *450 that "employment" includes "[a]ll private employments in which four or more employees are employed by the same employer... ." In the present case, because the claimant and her son were the only employees of the dry cleaning business, we hold that the JCC erred in ordering inclusion of concurrent earnings in the AWW from a job that did not meet the definition of "employment" set forth in section 440.02(15)(b)2., Florida Statutes (1993).
Accordingly, the order on appeal is REVERSED.
ALLEN, J., and SMITH, Senior Judge, concur.
NOTES
[1] The JCC also noted that, in Sunshine Ace Hardware v. Gray, 541 So.2d 1236 (Fla. 1st DCA 1989) and Bath v. Shee-Con, Inc., 560 So.2d 1289 (Fla. 1st DCA 1990), this court acknowledged the Iley court's criticism directed at Randell.