PER CURIAM.
Maria Mones, the former wife and primary custodial parent, appeals from a Final Judgment for Dissolution of Marriage that, in part, provides in paragraphs four and five: “The current status of the law creates a presumption in favor of a primary custodial parent’s decision to relocate. Pursuant to the facts of this case, neither party should be entitled to a presumption on the issue of a possible future relocation....” We vacate those portions of paragraphs four and five of the trial court order that purport to eliminate this presumption. See Russenberger v. Russenberger, 669 So.2d 1044, 1047 (Fla.1996) (holding “that upon a demonstration of good faith as described in Mize [v. Mize, 621 So.2d 417 (Fla.1993) ] of a custodial parent seeking to relocate, that parent is entitled to a presumption in favor of his request_ However, that presumption is rebuttable_”). The trial court’s attempt to hold contrary to Russenberger is not permissible. See Putnam County Sch. Bd. v. Debose, 667 So.2d 447, 449 (Fla. 1st DCA 1996) (“Under the doctrine of stare decisis, lower courts are bound to adhere to the rulings of higher courts when considering similar issues even though the lower court might believe the law should be otherwise.”).
The above cited provisions of paragraphs four and five are vacated; the judgment is otherwise affirmed.