KAHN, J.
In this workers’ compensation case, the claimant, Henry Reaves, appeals the decision of the judge of compensation claims (JCC) excluding from his average weekly wage (AWW) his concurrent earnings from the United States Postal Service. Because the controlling statutes do not exclude these concurrent earnings, we reverse.
Reaves suffered an injury while working at his part-time job as a loader for United Parcel Service. At the time of the accident, he was also employed by the U.S. Postal Service as a full-time driver. He sought a ruling from the JCC that his Postal Service earnings should be included in the AWW used by appellees to determine compensation benefits. The JCC ruled, “[I]t is impermissible to include concurrent earnings in an AWW from a job that does not meet the definition of employment under s. 440.02(15)(b), F.S.” The JCC went on to hold that Reaves’ Postal Service earnings do not “fall within the purview of employment.” She therefore determined that such concurrent earnings could not be included in his AWW.
Section 440.14(1), Florida Statutes (1993), addresses determination of AWW and provides:
Except as otherwise provided in this chapter, the average weekly wages of *690 the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined, subject to the limitations of s. 440.12(2), as follows:
(a) If the injured employee has worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks. As used in this paragraph, the term “substantially the whole of 13 weeks” shall be deemed to mean and refer to a constructive period of 13 weeks as a whole, which shall be defined as a consecutive period of 91 days, and the term “during substantially the whole of 13 weeks” shall be deemed to mean during not less than 90 percent of the total customary full-time hours of employment within such period considered as a whole.
(emphasis added). The Florida Supreme Court initially indicated that the language in subsection (l)(a), quoted above, addressed a situation in which an employee earns wages from more than one employer but performs “the same or similar services” for each employer. J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553, 559 (Fla.1962). The supreme court later broadened this to include concurrent dissimilar employment. See Am. Uniform & Rental Serv. v. Trainer, 262 So.2d 193, 194 (Fla.1972). In Trainer, the supreme court explained the rationale for including wages earned in concurrent employments in determining AWW:
If the injury occurring on the part-time job has disabled the employee from working at his full-time job, his capacity as a wage earner is impaired beyond the limits of his part-time job and his compensation should be based on the combined wages. The purpose of the Act is to compensate for loss of wage earning capacity due to work-connected injury. It is the capacity of the “whole man” not the capacity of the part-time or full-time worker that is involved.
Id.; accord Wal-Mart Stores v. Campbell, 714 So.2d 436, 437 (Fla.1998) (adhering to Trainer and explaining that section 440.14(l)(a) applies to calculations of AWW in concurrent employment cases); Vegas v. Globe Sec., 627 So.2d 76, 81 (Fla. 1st DCA 1993) (en banc) (“In the case of the worker whose earning capacity is realized through multiple employments, a determination of compensation based entirely upon the happenstance of which job the worker is injured on either overlooks the intent of providing an adequate level of compensation, or renders the term ‘adequate’ meaningless.”).
Although the Trainer court cautioned in dicta that “wages from employments outside the operation of the Workmen’s Compensation Act may not be used in determining average weekly wage under the Act,” the court made this statement in the context of explaining that its decision did not change the rule announced in Jaquette Motor Co. v. Talley, 134 So.2d 238, 240 (Fla.1961). Trainer, 262 So.2d at 196 (emphasis added). In Jaquette, the court stated that “it is clear that wages from an employment specifically excluded from the operation of the act may not be used as part of the claimant’s wage base.” 134 So.2d at 240 (emphasis added). Jaquette involved concurrent employment with the Florida East Coast Railway, and the court determined that wages from this employment could not be included in the claimant’s wage base because “employment by the railroad is specifically exempted from the operation of the Workmen’s Compensation Act.” Id. Thus, the phrase “employ- *691 merits outside the operation” of the Act, as used in Trainer; refers to employment specifically excluded from the Act.
As a general rule, “[c]oncurrent earnings under chapter 440 are includable in the calculation of the AWW.” Putnam County Sch. Bd. v. Debose, 667 So.2d 447, 449 (Fla. 1st DCA 1996). Nevertheless, “[wjages earned by a claimant in employment excluded from coverage under chapter 440 cannot be included in determining the AWW.” Id. In Debose, one of the cases cited by the JCC in this case, the court held that a JCC “erred in ordering inclusion of concurrent earnings in the AWW from a job that did not meet the definition of ‘employment’ set forth in section 440.02(15)(b)2., Florida Statutes (1993).” Id. at 450. Section 440.02(15), Florida Statutes (Supp.1994), defines “employment”:
(a) “Employment,” subject to the other provisions of this chapter, means any service performed by an employee for the person employing him.
(b) “Employment” includes:
1. Employment by the state and all political subdivisions thereof and all public and quasi-public corporations therein, including officers elected at the polls.
2. All private employments in which four or more employees are employed by the same employer or, with respect to the construction industry, all private employment in which one or more employees are employed by the same employer.
3. Volunteer firefighters responding to or assisting with fire or medical emergencies whether or not the firefighters are on duty.
(c) “Employment” does not include service performed by or as:
1.Domestic servants in private homes.
2. Agricultural labor performed on a farm in the employ of a bona fide farmer, or association of farmers, who employs 5 or fewer regular employees....
3. Professional athletes....
4. Labor under a sentence of a court to perform community services as provided in s. 316.193.
A reading of the statute reveals that employment by the U.S. Postal Service is not specifically excluded by section 440.02(15). Although section 440.02(15)(b) contains a list of “employment” included in the definition, nothing in the statute indicates that this list is exclusive. The list merely contains categories and examples of “employment,” as a means of specifying certain items within the ambit of the definition. For instance, the provisions for public employees in subsection (b)l., construction workers in subsection (b)2., and firefighters in subsection (b)3. suggest that the Legislature may well have intended to delineate specific instances of “employment” to ensure their inclusion in the scope of the general definition in section 440.02(15)(a). Such a goal would not be advanced by construction of subsection (b) as setting out the only instances of employment for purposes of workers’ compensation.
We conclude that the rationale of Debose does not apply here. Although the court applied section 440.02(15)(b) in Debose, the specific subsection involved, (b)2., literally excluded the employment at issue, i.e., private employments with three employees or less. See Debose, 667 So.2d at 449-50. A similar rationale, leading to a different result, can describe our decision in Bath v. Shee-Con, Inc., where we reversed with directions that a claimant’s National Guard earnings be included in calculating his AWW because “National Guard employment is not specifically excluded by the Act....” 560 So.2d 1289, 1292 (Fla. 1st DCA 1990).
*692 For purposes of concurrent earnings, this court has explained that the phrase “any service performed” in the definition of “employment” in section 440.02(15)(a) “is extremely broad” and is limited only by section 440.02(15)(c), which provides that employment does not include services performed by domestic servants in private homes, certain agricultural laborers, professional athletes, and laborers under court sentences. Bath, 560 So.2d at 1291. Therefore, because employment with the U.S. Postal Service could fall within the broad definition in section .440.02(15)(a) and is not specifically excluded by the statute, Reaves is entitled to have his wages earned therewith included in his AWW. This result comports with prior decisions in this area of the law, including Jaquette, Trainer, Vegas, Debose, and Bath.
We therefore hold, consistent with the view of the workers’ compensation system set forth in the cases and statutes we have discussed here, that Reaves’ concurrent earnings with the U.S. Postal Service should be included in his AWW.
REVERSED and REMANDED.
ERVIN and POLSTON, JJ., concur.