WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which a claim for disability benefits was denied. We find that the record contains competent substantial evidence to support the conclusion that claimant did not show that the industrial injury was a material contributing cause of the claimed lost wages. We also find that employer/servicing agent were properly allowed to credit certain prior payments against future disability benefits. But we further find that claimant’s concurrent National Guard earnings should have been included in the average weekly wage determination. We therefore affirm the order as to the denial of benefits and the allowance of a future credit, but reverse as to the average weekly wage determination.
Claimant sustained an industrial injury while working as a materials unloader. He continued this employment until placed on off-work status by his treating physician, at which time disability payments were commenced. These payments were later discontinued, and a hearing was held on a claim for further benefits. At the conclusion of the hearing an order was entered determining that claimant had attained maximum medical improvement with a residual permanent impairment. However, the order further found in substance that claimant had not shown the requisite causal connection between a physical limitation resulting from the industrial injury and any lost wages after the date of maximum medical improvement. There is record support for the conclusion that claimant did not satisfy his burden of proof in this regard, and wage loss benefits for the claimed period were thus properly denied.
Contrary to claimant’s contention on appeal, this case does not require application of the deemed earnings provision of section 440.15(3)(b)2. Deemed earnings principles should be applied only after the claimant discharges the initial burden of establishing a causal connection between the industrial injury and a resulting wage loss. See Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982); see also City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984). Claimant did not meet this burden in the present case.
*373 Employer/servicing agent were also allowed to credit certain payments against any future disability benefits which may become due. Such crediting, which involves different categories of benefits, requires that there be a reasonable basis for the prior overpayment. See e.g., State Division of Family Services v. Varela, 418 So.2d 1182 (Fla. 1st DCA 1982). The evidence presented below includes circumstances which might be construed as involving fraudulent misrepresentation by claimant. The judge has broad authority in such instances. See Morgan Yacht Corp./Beatrice Foods v. Edwards, 386 So.2d 883 (Fla. 1st DCA 1980). A reasonable basis was shown for the prior overpayment, and the judge acted within his authority in allowing a future credit.
In addition to denying the claim for disability payments and allowing a future credit, the judge determined claimant’s average weekly wage. While working for the employer claimant also served in the National Guard, attending weekend training and summer camp. Claimant’s earnings from this National Guard service were not involved in the average weekly wage computation. Concurrent earnings are properly included when they occur in a concurrent employment which is within the operation of chapter 440, Florida Statutes. See generally, Anna Maria Fire Control District v. Angell, 528 So.2d 456 (Fla. 1st DCA 1988). Claimant argues that his National Guard service was state employment which is covered pursuant to section 440.-02(14)(b), Florida Statutes. While Atkins v. State Department of Highway Safety & Motor Vehicles, 383 So.2d 313 (Fla. 1st DCA 1980), indicates that routine National Guard service is not state employment under chapter 440, earnings from such service are nevertheless within the operation of the act and thus should have been included as concurrent employment earnings when establishing claimant’s average weekly wage. See Bath v. Shee-Con, Inc., 560 So.2d 1289 (Fla. 1st DCA 1990).
The order appealed is affirmed as to the denial of benefits, and the allowance of a credit against future payments. The order is reversed as to the average weekly wage determination, and the cause remanded.
NIMMONS and MINER, JJ., concur.