ON MOTION FOR REHEARING OR CLARIFICATION
JOANOS, Chief Judge.
The opinion of this court in the above-styled case dated June 14, 1991 is hereby withdrawn, and the following opinion substituted therefor.
Mark Wohlgamuth has appealed an order of the judge of compensation claims denying a claim for wage loss benefits based on an inadequate job search. The judge also declined to award wage loss benefits based on deemed earnings, citing a lack of evidence as to the amount Wohlgamuth could have earned absent the inadequate search, and Wohlgamuth’s failure to show that the compensable injury resulted in a loss of wage earning capacity. We reverse and remand for further findings.
Wohlgamuth is a 50-year old man who attended school for 12 years, but did not *515 graduate. His only work experience has been in heavy construction, and in jobs requiring physical labor. In 1988, while employed by Central Maintenance, Wohlga-muth suffered a herniated disc when he fell into a drain. He had surgery in January 1989, and reached maximum medical improvement on April 18, 1989 with a 10% permanent impairment. He was released to full-time, light duty employment, with absolute medical restriction against prolonged sitting and standing, stooping, kneeling or squatting, or the lifting of any weight over 25 pounds.
Wohlgamuth worked with a rehabilitation provider after his release to work, and the employer/carrier paid benefits until August 1, 1989. No benefits were paid thereafter, the employer/carrier citing the lack of a good faith work search and the refusal of proffered employment. The record shows that, in August 1989, Wohl-gamuth made numerous job contacts, primarily by telephone. Thereafter, although the rehabilitation provider made intensive effort toward finding Wohlgamuth a job, he himself did little toward that end. He concedes that, after mid-November 1989, when he discharged the rehabilitation provider, he performed little or no job search.
The order appealed was entered after a hearing on Wohlgamuth’s claim for wage loss benefits from August 1, 1989 through January 20, 1990. The judge found first that Wohlgamuth’s job search for the entire period of the claim was either inadequate, because primarily conducted by telephone, or non-existent. With regard to Wohlgamuth’s argument that, despite the inadequate search, he was entitled to the benefits of deemed earnings pursuant to section 440.15(3)(b)2., Florida Statutes (1987), the judge found no evidence as to the amount which Wohlgamuth could have earned during the period at issue. More importantly, he held that Wohlgamuth had established no causal connection between his injury and the loss of wage-earning capacity.
The adequacy of a work search is clearly a factual matter. Dental Arts Lab, Inc. v. Constantino, 531 So.2d 999 (Fla. 1st DCA 1988). There is competent substantial evidence to support the finding as to the inadequacy of Wohlgamuth’s work search between August 1, 1989 and January 20, 1990. We therefore.decline to disturb the judge’s ruling on this issue.
Wohlgamuth’s inadequate work search clearly constituted a voluntary limitation of income. See Edwards v. Caulfield, 560 So.2d 364, 375 (Fla. 1st DCA 1990). However, this does not entirely preclude an award of wage loss in that, in months where an employee’s actions can be viewed as a voluntary limitation of income, he is still entitled to the benefit of deemed earnings. Kirkland v. Harold Pratt Paving, Inc., 518 So.2d 1320, 1324 (Fla. 1st DCA 1987); Baggett v. Mulberry Construction Co., 549 So.2d 1386, 1389 (Fla. 1st DCA 1989), citing Kirkland. That is, the claimant is entitled to wage loss benefits reduced by the level of wages which the evidence establishes he had the ability to earn during the relevant period. Kirkland at 1324.
However, deemed earnings principles should only be applied after a claimant discharges the initial burden of establishing a causal connection between the industrial injury and a resulting wage loss. Gill v. U.S. Agri-Chemicals, 561 So.2d 371, 372 (Fla. 1st DCA 1990). Here, the judge found that Wohlgamuth had not established such a connection so as to warrant the application of deemed earnings, but did not state the basis for this finding.
It is logical to assume that the judge relied on the inadequacy of Wohlga-muth’s work search, in that an unsuccessful work search is the most common method of establishing the required causal connection. Anderson v. S & S Diversified, Inc., 477 So.2d 591 (Fla. 1st DCA 1985). However, causation can also be shown by evidence that a claimant is unable to continue in the work in which he has training and experience because of his injury, as well as evidence of medical limitations and other factors such as age, education, and employment history. Holiday Inn v. Sallee, 496 So.2d 227, 229 (Fla. 1st DCA 1986). Accord U.S. Foundry & Mfg. Co. v. Serpa, *516 564 So.2d 559, 560 (Fla. 1st DCA 1990). Because the judge did not specify the basis for his finding that Wohlgamuth did not prove causation, we cannot determine that he considered the evidence in light of these latter circumstances.
The order below is therefore reversed, and the case remanded for consideration of the causation element of a deemed earnings award in light of the evidentiary factors, other than job. search, outlined above.
As to the holding that no evidence was presented on the amount which Wohlga-muth could have earned during the period at issue, should the judge find that Wohl-gamuth has proven causation, the employer/carrier will have the burden of proving that claimant voluntarily limited his income, which will necessarily include proof of what claimant could have earned in the absence of such voluntary limitation.[1]
Reversed and remanded with directions.
BOOTH and ALLEN, JJ., concur.

. Section 440.15(3)(b)2., Florida Statutes (1987) provides that "[i]n the event the employee voluntarily limits his income ..., the salary, wages, and other remuneration that the employee is able to earn after the date of maximum medical improvement shall be deemed to be the amount which would have been earned if the employee did not limit his income_"