WOLF, Judge.
Nancy Braithwaite, claimant, challenges a final order of the judge of compensation claims (JCC) granting appellant temporary partial disability benefits for certain portions of the period between May 1, 1988, *110 and May 27, 1991, and denying these benefits for other portions of the same period. Claimant asserts, among other things, that the order is internally inconsistent and that there are insufficient factual findings to support the denial of benefits. We agree, and reverse and remand.
The claimant suffered an industrial accident on July 17, 1984. A hearing was originally held in October of 1986 regarding the claimant’s claim for temporary total disability (TTD), temporary partial disability (TPD), or wage-loss benefits from May 1985 through October 13, 1986. The JCC denied the claim for the period of May 1985 through October 10, 1986, except between February 6, 1986, and April 1, 1986. The JCC found that the claimant’s testimony regarding a job search was not credible, and that her employment with her husband constituted a voluntary limitation of income. The JCC also found that claimant left her prior employment voluntarily, that employment was still open to her, and that claimant had no physical restrictions which were causing a change in employment status. These findings were not appealed. The claimant then filed a claim for TTD, TPD, and wage-loss benefits from March 1, 1988, through May 27, 1991.
At the hearing as to these benefits, medical testimony indicated that claimant was totally disabled beginning May 28, 1991, as a result of her industrial accident. No direct medical evidence was presented concerning whether claimant could work between March 1, 1988, and May 27, 1991. Claimant testified, however, as to her inability to work as a result of the incident in question.
At certain times during this period in question, claimant worked 16 hours a week in her husband’s business. Claimant received $320 a month toward health insurance for this work (an amount less than the average weekly wage from claimant’s previous employment). Any job search by the claimant during this period was at best perfunctory. The JCC found, however, that “the claimant was temporarily partially disabled between March 1,1988, through and including May 27, 1991.” Based upon this finding, the JCC awarded TPD between May 1, 1988, and May 27, 1991, “with the exception of those periods of time the claimant was employed.” The awarding of partial disability benefits for portions of this period is inconsistent with the total denial of benefits for other portions of the period in question where there are insufficient factual findings to justify the disparate treatment.
In Publix Supermarkets, Inc. v. Hart, 609 So.2d 1342, 1344 (Fla. 1st DCA 1992), this court set out the appropriate test for determining whether a claimant is eligible for benefits:
In asserting a claim for benefits, the initial burden is on the claimant to demonstrate an entitlement to benefits upon a change in employment status due to a compensable injury. § 440.15(3)(b)2, Fla. Stat.; Edwards v. Caulfield, 560 So.2d 364 (Fla. 1st DCA 1990). Depending upon the circumstances, this burden may be satisfied by proof which encompasses medical evidence or evidence of a good faith work search. Meek v. Layne-Western Co., 566 So.2d 31 (Fla. 1st DCA 1990). Once the claimant has satisfied the initial burden, the burden of proof shifts to the employer/carrier to demonstrate a voluntary limitation of income or to demonstrate that the injury is not creating an impairment or work-related physical restriction which would limit the claimant’s ability to perform appropriate employment. § 440.15(3)(b), Fla.Stat.
In the instant case, the JCC awarded benefits for a portion of the disputed time and apparently determined that the claimant met her initial burden of showing a causal relationship between the change in employment status and the compensable injury. Neither the record before us nor the findings of the JCC indicate any significant difference as to the medical opinions concerning appellant’s ability to work during different portions of the period. The evidence also fails to demonstrate a significant differentiation between the quality of work searches for any particular period for which benefits are in question. We are, therefore, unable to determine that the de *111 nial of benefits was based upon claimant’s inability to meet her initial burden.
If the JCC denied the benefits based upon a voluntary limitation of income as a result of claimant accepting a job with her husband, there were insufficient findings as to this voluntary limitation to justify a total denial of benefits. While an inadequate work search or taking unsuitable employment may result in a finding of voluntary limitation of income, the concept of deemed earnings must still be considered. Wohlgamuth v. Central Maintenance & Welding, 600 So.2d 514 (Fla. 1st DCA 1992). “That is, the claimant is entitled to wage loss benefits reduced by the level of wages which the evidence establishes he had the ability to earn during the relevant period.” Id. at 515. The burden is on the employer to demonstrate that appropriate employment was available during the relevant period of the award. Church’s Fried Chicken v. Maloney, 599 So.2d 706, 710 (Fla. 1st DCA 1992). In the instant case, there is no finding that the E/C demonstrated that other employment was available to the claimant within her restrictions. (The judge failed to make any findings concerning the availability of the previous employment). The job which the claimant had during this period appears to be sheltered employment, and the compensation was for an amount which was less than her average weekly wage on the job at which she was injured. It is, therefore, unclear why the JCC denied all benefits (rather than supplying the concept of deemed wages) during those weeks where claimant worked for her husband.
We, therefore, reverse that portion of the order which denied claimant all TPD benefits for certain periods between May 1, 1988, and May 27, 1991, and remand for further proceedings concerning claimant’s entitlement to said benefits.
SMITH and MICKLE, JJ., concur.