643 So.2d 1127 (1994)
Juanita ANKENY, Appellant,
v.
PALM BEACH COUNTY SCHOOL BOARD, DIVISION OF RISK MANAGEMENT, Appellee.
No. 92-3156.
District Court of Appeal of Florida, First District.
September 16, 1994.
Rehearing Denied November 8, 1994.
*1128 Joseph A. Vassallo, Lake Worth, for appellant.
Robert L. Teitler of Walton, Lantaff, Schroeder & Carson, Miami, for appellee.
ZEHMER, Chief Judge.
The claimant brings this appeal from that portion of the judge of compensation claims' order denying her claim for wage-loss benefits for the period of April 17, 1991, through August 20, 1991. Claimant's argument is two-fold: (1) that the judge of compensation claims erred in finding she failed to establish a causal relationship between the industrial accident and her wage loss; and (2) that the judge erred in failing to apply the deemed earnings provision contained in subsection 440.15(4)(b), Florida Statutes (1987), to the time periods during which he found there to have been an inadequate job search. We agree on both points and reverse.
Claimant is a 56-year-old female who was employed as the head cook for the Palm Beach County School Board. On December 5, 1987, she suffered a compensable back injury. She scheduled an appointment with a neurosurgeon, who diagnosed a ruptured disk. She was later seen by a second neurosurgeon, who performed surgery on her disk.
Claimant reached maximum medical improvement on February 19, 1991, with an 18 percent impairment rating. She was released by her doctors to return to work for only 4 hours per day in a sedentary-to-light duty position.
Claimant submitted job search request forms for the period in question; however, it is undisputed that few of the listed employers had any record or recollection of her seeking work on the dates set forth, and many of the jobs sought were not within Claimant's limitations. In fact, Claimant admits that her job search was inadequate. Based on this inadequate job search, the judge denied wage-loss benefits, finding "the facts and evidence established from [the] hearing to be markedly similar to those found in Irving v. City of Daytona Beach, 472 So.2d 810 (Fla. 1st DCA 1985)."
Claimant moved for rehearing, contending that even if her job search was found to be invalid, the deemed earnings provision should have been applied. Instead, the judge ruled the evidence failed to meet Claimant's burden of proof of establishing a causal connection between the industrial injury and her resulting wage loss, relying "primarily upon the inadequacy of Claimant's work search," as well as her "training, experience and education... ." For these stated reasons, Claimant's motion for rehearing was denied.
On appeal, Claimant argues first that there was no evidentiary basis upon which the judge could have properly concluded that a causal connection did not exist between her compensable accident and her wage loss, because the evidence was uncontroverted and showed unequivocally that Claimant was unable to perform her job duties following the accident due to physical limitations and work-hour restrictions. We agree that there was no evidence in this record to support the judge's finding of a lack of causation in light of the unrefuted medical testimony establishing the requisite causal relationship. While the evidence relied on by the judge clearly impeached Claimant's testimony regarding work searches, that evidence did not controvert competent medical testimony from other qualified medical experts, and thus did not establish a lack of causation.
We also agree with Claimant's second argument that the judge erred in failing to apply the deemed earnings provision to those time periods during which he found an inadequate job search. Although it is undisputed that Claimant did not perform an adequate job search during the period for which she claims wage-loss benefits, the absence of a work search does not per se preclude all compensation. Edwards v. Caulfield, 560 So.2d 364 (Fla. 1st DCA 1990). In Edwards, we held that while the failure to perform a work search will preclude compensation if a search is essential to establish an inability to earn, it will not preclude compensation where an inability to earn rests, in whole or in part, *1129 on a medical prohibition, as it does in the instant case. Id. at 376.
We reiterated this point in Wohlgamuth v. Central Maintenance & Welding, 600 So.2d 514 (Fla. 1st DCA 1992), where we held that although an unsuccessful work search is the most common method of establishing the required causal connection, "causation can also be shown by evidence that a claimant is unable to continue in the work in which he has training and experience because of his injury, as well as evidence of medical limitations and other factors such as age, education, and employment history." Id. at 515. Furthermore, in Baggett v. Mulberry Construction Co., 549 So.2d 1386 (Fla. 1st DCA 1989), we held that an employee is still entitled to the benefit of deemed earnings in those months in which the employee's actions can be viewed as a voluntary limitation of income or the work search is determined to be inadequate. In addition, Baggett held that the provision is applicable "to those months when no work search has been performed." Id. at 1389.[1]
Because the deemed earnings provision is applicable even in the absence of any work search, and because the uncontroverted medical evidence established that Claimant's inability to work is causally related to her industrial accident, the judge of compensation claims should have applied the deemed earnings provision.
We reverse the portion of the order denying all wage-loss benefits and remand for further consideration of the deemed earnings provision in regard to the claim for benefits for the period of April 17, 1991, through August 20, 1991. The judge may, in his discretion, receive additional evidence on this issue should that be found appropriate.
REVERSED and REMANDED for further proceedings.
MINER, J., concurs.
WOLF, J., concurs in part and dissents in part with opinion.
WOLF, Judge, concurring in part and dissenting in part.
I concur with the reversal of the order of the JCC. I dissent, however, from the decision of the court to award appellate attorney's fees.
Appellant's request for leave to file an untimely motion for attorney's fees was filed on January 25, 1994. Appellant filed its reply brief on March 24, 1993. The only reason given by appellant for the untimely filing was clerical error. The majority would grant the motion because appellee has not demonstrated prejudice. To grant appellant's request for attorney's fees under these circumstances without further justification would make rule 9.400(b) unenforceable.
Rule 9.400(b), Florida Rules of Appellate Procedure, provides that "a motion for attorney's fees may be served no later than the service of the reply brief... ." In Salley v. City of St. Petersburg, 511 So.2d 975 (Fla. 1987), the supreme court stated that failure to comply with the rule is a valid justification for denying attorney's fees. See also Antennas for Communications v. Compton, 482 So.2d 610 (Fla. 1st DCA 1986). In Florida Dep't of Commerce, Div. of Risk Management v. Davies, 379 So.2d 1313 (Fla. 1st DCA 1980), this court stated that failure to file a timely request for attorney's fees, pursuant to rule 9.400, Florida Rules of Appellate Procedure, would result in denial of attorney's fees. While Salley permits an appellate court to excuse compliance with the rule and grant attorney's fees, it does not overrule Florida Dep't of Commerce v. Davies, nor does it require us to exercise our discretion to grant attorney's fees where no persuasive reason for failure to comply with the rule has been given. I believe that the granting of fees in this case is in direct conflict with the prior precedent of this court established in Florida Dep't of Commerce v. Davies. In addition, I do not believe that we should exercise this discretion upon a bare allegation *1130 that the failure to follow the rule was a mistake. It is unclear what prejudice the majority would require the appellee to demonstrate prior to denying fees for noncompliance with the rule.
In addition, we should not exercise our discretion to grant attorney's fees absent a written opinion establishing guidelines as to when we shall exercise our discretion to grant fees, notwithstanding a violation of the appellate rules. Such a procedure is unfair to parties to the appellate process, and will surely lead to unequal treatment of litigants in the future.
NOTES
[1] We are not compelled by Irving v. City of Daytona Beach to reach a different result. That case dealt with the lack of credibility given to the claimant's testimony regarding the performance of job searches. Although the judge of compensation claims relied primarily on that decision in denying benefits in this case, Irving did not discuss the deemed earnings provision and is, therefore, not authority for the ruling below.