ALLEN, Judge.
The claimant appeals a workers’ compensation order by which a wage loss claim was denied. We conclude that the order fails to adequately address the circumstances pertaining to the claimant’s possible entitlement to an award based on deemed earnings.
The wage loss claim was denied upon a finding that the claimant did not make a sufficient job search. This does not necessarily preclude an award based on deemed earnings, if the claimant otherwise establishes the necessary causal relation between an industrial injury and subsequent *1184 wage loss. E.g., Wohlgamwth v. Central Maintenance and Welding, 600 So.2d 514 (Fla. 1st DCA 1992); Publix Supermarkets v. Franklin, 467 So.2d 1031 (Fla. 1st DCA 1985). As these cases indicate, a variety of factors apart from an unsuccessful job search may impact the determination as to whether the claimant has shown that the industrial injury affected a diminution in earnings. In the present case there is record evidence which could support an award based on deemed earnings.
Together with the deemed earnings issue, this case involves a dispute as to whether the claimant made timely wage loss requests. Section 440.15(3)(b)2, Florida Statutes (1991), provides that wage loss forms and job search reports are to be mailed within 14 days after the time benefits are due. The filing procedures in this statute apply to subsequent periods of wage loss, regardless of the date of accident. Litvin v. St. Lucie County Sheriff’s Dept., 599 So.2d 1353 (Fla. 1st DCA), rev. denied, 613 So.2d 6 (Fla.1992), cert. denied, — U.S. —, 113 S.Ct. 2350, 124 L.Ed.2d 258 (1993). Such procedures thus pertain to the claimed period of wage loss in the present ease, even though the claimant’s accident preceded the effective date of the statutory provision. The process in § 440.15(3)(b)2, Florida Statutes (1991), by which an employer may invoke its right to rely on deemed earnings is likewise a procedural enactment which applies to subsequent periods of wage loss. See McCarthy v. Bay Area Signs, 639 So.2d 1114 (Fla. 1st DCA 1994). But the underlying entitlement to an award based on deemed earnings is a substantive right. Because substantive rights are fixed at the time of accident and injury, see e.g., Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla.1977); Sullivan v. Mayo, 121 So.2d 424 (Fla.1960), the claimant’s potential entitlement to an award based on deemed earnings is governed by the substantive provisions in § 440.15(8)(b)2, Florida Statutes (Supp.1988), as effective on the date of accident.
This potential substantive entitlement nevertheless remains subject to the filing procedures in § 440.15(3)(b)2, Florida Statutes (1991). But these procedures will not compel the performance of a job search, or the filing of job search reports, when a job search is not an essential component of the underlying substantive entitlement. In the present case the claimant thus need only have timely mailed the wage loss forms in accordance with section 440.15(3)(b)(2), Florida Statutes (1991), and the claimant may thereafter rely on the substantive provisions in section 440.15(3)(b)2, Florida Statutes (Supp.1988), with regard to deemed earnings.
Because the appealed order does not resolve the dispute regarding the timeliness of the claimant’s wage loss requests, and otherwise fails to adequately address the circumstances pertaining to a possible award based on deemed earnings, the order is reversed and the case is remanded.
WEBSTER, J., concurs.
LAWRENCE, J., concurs and dissents with written opinion.